# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Willie Smith** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CASE NO: 1:12-cv-00517** |
| | : | |
| **Cincinnati Special Police, LLC, et al.** | : | **JUDGE  TIMOTHY S. BLACK** |
| | : | |
| **Defendants.** | : | **<u>STIPULATED PROTECTIVE ORDER</u>** |
| | : | |
| | : | |

WHEREAS, the Court recognizes the legitimate interests of the parties (and subpoenaed non-parties) in the above-captioned action in the confidentiality and security of certain business and proprietary information, including electronically stored information.  Therefore, this Court finds that good cause exists for the granting of a protective order to govern the exchange of information between Plaintiff Willie Smith and Defendant Cincinnati Special Police, LLC, City of Cincinnati, Donald Whittaker and Ben Williams (collectively referred to as the "Parties") during discovery.

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1.    This Stipulated Confidentiality and Protective Order ("Order") governs all documents and information, including electronically stored information, produced at any time during the pendency of this action, including any documents and information produced prior to the entry of this Order, by any party or any non-party, which is subject to a subpoena for oral examination or subpoena *duces tecum*, or called to testify in this matter at trial; all copies of or information contained in any such documents; responses to Interrogatories, Response to

Requests for Documents and/or or Requests for Admissions or other discovery; and all other information produced or provided in this action by the parties, including without limitation during depositions, hearings and/or any other type of trial testimony (collectively referred to as "Litigation Material").

2.      Litigation Material shall be used solely for the purpose of preparing for, or conducting the trial of this action (including appeals or retrials), or settling this action, and shall not be disclosed or used for any other purpose, including business, governmental, commercial, administrative or judicial proceedings, except as otherwise required by law.

3.      Any person producing Litigation Material may designate as confidential any Litigation Material, or portions thereof, which the producing party reasonably believes in good faith to contain non-public, sensitive commercial, financial or proprietary business information or medical information.

4.      With respect to hard copy information, a party, non-party, or its counsel may designate as confidential any documents, or portion or portions thereof, by stamping the word "Confidential" (or a phrase to that effect, such as "Confidential: Subject to Protective Order") on every such page at or prior to the time of production.  In the alternative, information may also be designated as confidential by sending written notice to counsel for all other parties specifically designating the material is to be treated as confidential at or prior to the time the material is produced, or within 30 days of its production.  In the event that material is designated as Confidential following its production, the parties will only be obligated to treat it as Confidential when they receive written notice of such designation.

5.      To the extent electronically stored information ("ESI") is produced, whether in native format, i.e., the software format in which the document or information was originally

- 2 -

created and stored on the producing entity's storage media or produced in image file format, i.e., portable data file ("PDF") or tagged image file format ("TIFF"), a party, non-party, or its counsel may designate as confidential any native ESI by segregating such files or images on a separate disk, with each file or image on the disk having a unique name or number identifier, and labeling the entire disk with the word "Confidential" (or a phrase to that effect, such as "Confidential ESI Files:  Subject to Protective Order") at or prior to the time of production.  In the alternative, such information may be been designated as confidential by sending written notice to counsel for all other parties specifically designating the material to be treated as confidential at or prior to the time the material is produced or within 30 days of its production.  In the event that material is designated as Confidential following its production, the parties will only be obligated to treat it as Confidential when they receive written notice of such designation.

6.     A party, non-party, or its counsel may designate as confidential deposition or other testimony by so stating on the record on the day the testimony is given or by sending written notice to counsel for all other parties designating, by page and line, the portion of any transcript or transcripts to be treated as confidential within 30 days of receipt of the applicable transcript by the witness.

7.     A party, non-party, or its counsel may designate as confidential any other Litigation Material not encompassed within Paragraphs 3 through 6 above in the same manner as described in these paragraphs or by sending written notice to counsel for all other parties specifically designating the material to be treated as confidential at or prior to the time the material is produced, or within 30 days of its production.  In the event that material is designated as Confidential following its production, the parties will only be obligated to treat it as Confidential when they receive written notice of such designation.

8.    The parties shall be free to mutually agree to designate as confidential any Litigation Material, regardless of whether such designation occurs within the time frames identified in this Order.

9.    All Litigation Material designated or stamped as confidential ("Confidential Material"), any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed below, unless ordered by the Court or done with the prior written consent of the producing party's counsel. All Confidential Material shall be maintained in confidence by counsel of record for the party to whom such Litigation Material is produced or given and shall not be disclosed to any other person in this litigation or in any subsequent litigation except:

(a)    the Court (including clerks and other court personnel);

(b)    the Parties and their counsel of record, including directors, officers, representatives or employees of the above who are assisting them for the purpose of preparing for, conducting or settling this action;

(c)    court reporters who transcribe deposition or other testimony in this action;

(d)    consultants or expert witnesses retained by a party for the purpose of preparing for, conducting or settling this action, who will utilize any Confidential Material disclosed solely to assist in preparing for, conducting or settling this action; and

(e)    any witness, but only to the extent that such witness' testimony involves the matters governed by, subsumed within, or otherwise

- 4 -

affected by information or documents designated as Confidential Material.

10.     Each party also reserves the right, for good cause shown, (a) to seek to include as persons to whom Confidential Material may be given, shown, made available or communicated to additional individuals to those listed in paragraph 8; and (b) to seek leave of Court to designate certain Litigation Material as "Highly Confidential," access to which would be more restricted than to Confidential Material and limited only to counsel for the parties and others permitted by the Court.  Nothing herein shall be considered a waiver of any Party's right to object to any attempt to designate certain Litigation Material as "Highly Confidential."

11.     Nothing herein shall restrict the persons identified in paragraph 8 from making working copies for use in their offices or for use during examination of witnesses, which working copy shall be deemed Confidential Material if the document from which it was made is Confidential Material under the terms of this Order.

12.     Any person identified in paragraphs 8(d) or (e) above who is given access to Confidential Material shall, prior thereto, be given a copy of this Order and shall acknowledge receipt thereof, and consent to be bound thereby and subject to sanctions of this Court, by signing a written statement substantially in the form of Exhibit 1, attached hereto.

13.     SEALED DOCUMENTS:     Any Confidential Material shall be filed with the Court in the manner described in Local Rule 79.3.

14.     If Confidential Material is sought to be used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Confidential Material shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the Confidential Material.

15.    Nothing in this Order shall prevent any party from disclosing its own Confidential Material, and any such disclosure shall not be deemed a wavier of any other party's rights or obligations under this Order.

16.    The production or disclosure of Confidential Material shall in no way constitute a waiver of the producing party's right to object to the production or disclosure of any other information or documents in this action. The parties hereto expressly reserve the right to seek any appropriate order modifying this Order or imposing additional restrictions on discovery in this action, including an order that production not be had. Nothing herein shall be read as to waive any privilege or exemption from production that any party may assert independent of this Order.

17.    Any party hereto that objects to another party's designation of information or documents as Confidential Material shall first state its objection in writing to the producing party. The parties hereto agree to confer in good faith to resolve any dispute arising under this Order. If the parties are unable to resolve such dispute, any party may move the Court to do so upon notice in writing to counsel for all other parties to this action and upon such other notice as is provided by law or rule.

18.    In the event any person or entity having possession, custody or control of any Confidential Material is the subject of a subpoena or demand for the production of such Confidential Material, that person or entity shall make all reasonable effort to promptly notify counsel for the producing party of such a subpoena or demand so as to permit counsel sufficient time to seek an appropriate order seeking to modify or quash the subpoena or demand.

19.    This Order shall bind the parties and shall continue to be binding on the parties throughout and after the conclusion of this action, including any appeals or retrials. This Court

- 6 -

80479433.1

shall retain jurisdiction of this action for the purpose of enabling any party, person or other entity

to apply for any order or relief as may be deemed necessary or appropriate to enforce this Order.

Upon termination of this action, each party shall, in its sole discretion, return or destroy

Confidential Materials and any copies, summaries, or digests thereof within thirty (30) days after

the termination. Nevertheless, one law firm for each party to this action may retain one complete

set of all trial testimony and exhibits, all deposition transcripts and exhibits, all discovery, and all

pleadings and other papers filed with the Court. Documents retained under the provisions of this

paragraph shall be kept in a secure fashion. In addition, nothing herein shall prevent trial

counsel for the parties from maintaining the integrity of their files in accordance with applicable

Rules of Professional Conduct, including but not limited to, maintaining all attorney work

product to the extent that it incorporates or references Confidential information.

      SO ORDERED.

                                  Timothy S. Black
                                  UNITED STATES DISTRICT JUDGE

AGREED TO BY:


/s/ Carol S Wood
Carol S. Wood Esq. (0040739)
Trial Attorney
3016 Lischer Avenue
Cincinnati, OH 45211-2122
Phone: (513) 662-7227
Email: bwwood@fuse.net

*Attorney for Plaintiff Mr. Willie Smith*

/s/ Ashley M. Bolender per authorization
3/8/2013
John C. Scott Esq.
Ashley M. Bolender Esq.
Trial Attorneys
Faulkner & Tepe LLP
2050 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
*Attorneys for Defendants Cincinnati
Special Police, LLC, City of Cincinnati,
Donald Whittaker and Ben Williams*

- 7 -

80479433.1

## EXHIBIT 1

I acknowledge my understanding that Confidential Material, as defined in the Stipulated Confidentiality and Protective Order entered in *Willie Smith v. Cincinnati Special Police, LLC, et al.*, is being provided to me pursuant to the terms and restrictions of that Order. My signature below constitutes an acknowledgement that I have read the Order and consent to be bound by it and subject to sanctions of this Court. I also understand and agree that I am subject to penalty for contempt of court for any violation of the terms of that Order.


Dated: _____


_____  _____
Signature


_____
Printed Name

80479433.1